UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE HOWELL,<br><br>                    Plaintiff,<br>    v.<br><br>SHADYWOODS,<br><br>                    Defendants. | Case No. C23-5143 BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR SEPTEMBER 15, 2023 |

This matter comes before the Court on *pro se* Plaintiff Michelle Howell's amended complaint filed in response to the Court's order to show cause. Dkt. 9. The Court granted Plaintiff's application to proceed *in forma pauperis.* Dkt. 5. After reviewing Plaintiff's initial proposed complaint, the Court issued an order to show cause outlining the complaint's deficiencies and provided Plaintiff with an opportunity to show cause why her cause of action should not be dismissed, or file an amended complaint. This matter has been referred for review to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

      Plaintiff has not corrected the deficiencies in her complaint. Thus, for reasons discussed below, Plaintiff's complaint should be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

In order to state a claim for relief under Section 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a Section 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not

NOTED FOR SEPTEMBER 15, 2023 - 2

be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff appears to allege that she was falsely accused of breaking into mailboxes and was then evicted from her home. She alleges that due to these false accusations, she has had a difficult time selling her home. Plaintiff, however, does not allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.

Further, Plaintiff names Tom Griffen and Lindsey Chavez as defendants, but she does not allege they acted under color of state law. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). However, a private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir.2002).

To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of

NOTED FOR SEPTEMBER 15, 2023 - 3

1 federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may
2 be fairly attributable to the state where (1) it results from a governmental policy and (2)
3 the defendant is someone who fairly may be said to be a governmental actor. *Sutton v.*
4 *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may
5 be considered a governmental actor if the private actor conspires with a state actor or is
6 jointly engaged with a state actor when undertaking a prohibited action. *Tower v.*
7 *Glover*, 467 U.S. 914, 920 (1984).

8     Plaintiff, in her amended complaint, does not clarify whether the allegedly
9 wrongful conduct was done by the state, agents of the state, or a private entity that was
10 acting under color of state law. Plaintiff has not asserted that any of the defendants
11 were acting under color of law. Thus, a Section 1983 claim is implausible and should be
12 dismissed under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13     Accordingly, the Court should DISMISS Plaintiff's complaint without prejudice.

14 <center>CONCLUSION</center>

15     Because Plaintiff failed to cure the deficiencies the Court previously identified,
16 Plaintiff's complaint should be DISMISSED.

NOTED FOR SEPTEMBER 15, 2023 - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 15, 2023**, as noted in the caption.

Dated this 30th day of August, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge